Judge Benjamin H. Settle

FILED LODGED
RECEIVED
NOV 14 2017
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ANDREA SIBLEY,<br>Defendant. | NO. CR17-5314BHS<br>**PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Bruce F. Miyake, Assistant United States Attorney for said District, Andrea Sibley, and her attorney, Jerome Kuh, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charges contained in the Indictment:

a. *Aiding and Abetting a Felon in Possession of a Firearm*, as charged in Count 2, in violation of Title 18, United States Code, Sections 2 and 922(g)(1);

b. *False Statement During the Purchase of a Firearm*, in Count 3, in violation of Title 18, United States Code, Section 924(a)(1)(A).



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering her guilty pleas, she will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense**. The elements of the offenses to which Defendant is pleading guilty are as follows:

a. *Aiding and Abetting a Felon in Possession of Firearm*, as charged in Count 2 of the indictment:

First, that the crime of Felon in Possession of a Firearm was committed by Brent Luyster;

Second, that the defendant aided, counseled, commanded, induced, or procured Brent Luyster to commit at least one element of the offense of Felon in Possession of a Firearm;

Third, the defendant acted with the intent to facilitate the crime of Felon in Possession of a Firearm; and

Fourth, the defendant acted before the crime was completed.

b. *False Statement During the Purchase of a Firearm,* as charged in Count 3 of the indictment:

First, the defendant knowingly made a false statement or representation;

Second, the defendant made the false statement or representation to a licensed dealer of firearms, within the meaning of Chapter 11, Title 18, United States Code; and,

Third, the false statement pertained to information that the law requires the licensed dealer to keep.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offenses to which she is pleading guilty are as follows:

a. *Aiding and Abetting a Felon in Possession of a Firearm* as charge in Count 2 of the Indictment, a maximum term of imprisonment of up to ten years, a fine of



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

up to $250,000, a period of supervision following release from custody of up to three years, and a mandatory special assessment of $100 dollars.

b. *False Statement During the Purchase of a Firearm* as charged in Count 3 of the Indictment, a maximum term of imprisonment of up to five years, a fine of up to $250,000, a period of supervision following release from custody of up to three years, and a mandatory special assessment of $100 dollars.

If a probationary sentence is imposed, the probation period can be for up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which she will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and she violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, she knowingly and voluntarily waives the following rights:

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of peers;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for her;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on her behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

5. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

6. **Forfeiture of firearms and ammunition.** Defendant agrees that if any law enforcement agency seized any firearms or other illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the administrative forfeiture, official use, and/or destruction of said firearms or contraband by any law enforcement agency involved in the seizure of these items

7. **Statement of Facts.** The parties agree on the following facts. Defendant admits she is guilty of the charged offenses:

a. In approximately August 2012, the defendant, Andrea Sibley and Brent Luyster began living together at 15802 NE 9th Circle, Vancouver, Washington. They stayed at this residence until approximately February 2016, when they moved to



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

123 Solo View Drive, Longview, Washington, where they lived until approximately the~~r~~ end of June 2016.

b. During the time Sibley lived with Brent Luyster she knew that he was a convicted felon and that he could not lawfully possess a firearm.

c. Between October 2014, through March 2016, Sibley purchased the following firearms from federal firearms licensees located in Washington State:

| **Date** | **Firearm** | **Where** |
|---|---|---|
| 7/15/15 | Keltec, model KSG, .12 gauge shotgun | Sportsman's Warehouse |
| 7/17/15 | Remington, 700, .308 cal. rifle | Sportsman's Warehouse |
| 2/17/16 | Ruger, model 10-22, .22 cal. rifle | Bob's Merchandise |
| 2/19/16 | Keystone Sporting, Cricket, .22 cal rifle | Bob's Merchandise |
| 2/24/16 | Kimber, Micro carry, .380, pistol | Clark County Transfer |

d. During each of the above purchases, the federal firearms licensee had Sibley fill out an ATF form 4473, which is a form they are required by law to maintain. In each of the forms, Sibley falsely represented her current residence as 3811 NE 39th Court, Vancouver, Washington. Sibley knew this was false because she was living elsewhere.

e. Additionally, during the same time period above, Sibley purchased a Bushmaster model Carbon 15, .223 caliber rifle and a Glock model 27, .40 caliber handgun from private parties. She also purchased an Anderson, AM-15, .223 caliber rifle from Fisherman's Marine in Portland, Oregon.

f. The firearms were stored at their residence. Sibley willingly made these firearms available for Brent Luyster's use. She was also aware that Luyster possessed these firearms on numerous occasions including on May 1~~5~~6, 201~~7~~6, when he used one of the firearms to assault a female who was visiting their residence at 123 Solo View Drive, Longview, Washington.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine the Defendant's applicable Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw her guilty pleas solely because of the sentence imposed by the Court.

9. **Acceptance of Responsibility.** At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of her intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

10. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

Under USSG § 2K2.1 the base offense level is 12; and,

A four level enhancement under USSG § 2K2.1(b)(1)(B) applies.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Recommendation.** The government agrees to make a recommendation within the applicable sentencing guideline range as calculated by the district court. Defendant understands that this recommendation is not binding on the Court and the Court may reject this recommendation or any other recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that he cannot withdraw his guilty pleas simply because of the sentence imposed by the district court.

12. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to dismiss counts 4 through 7, and not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119 (1997).

13. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

14. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty pleas required by this plea agreement, Defendant waives all rights to appeal from her conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of her confinement or the decisions of the Bureau of Prisons regarding the execution of her sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

15. **Voluntariness of Plea.** Defendant agrees that she has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

contained in this Plea Agreement, were made to induce Defendant to enter her pleas of guilty.

16. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

17. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 14 day of November, 2017.

ANDREA SIBLEY
Defendant

JEROME KUH
Attorney for Defendant

TODD GREENBERG
Assistant United States Attorney

BRUCE F. MIYAKE
Assistant United States Attorney



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970